UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  **CV 11-1743-VBF(FFMx)**                          Dated: **March 8, 2011**

Title:    David L. Retz -v- Onewest Bank, FSB, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Joseph Remigio                                None Present
      Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

  None Present                                     None Present

**PROCEEDINGS (IN CHAMBERS):**         **COURT ORDER NUNC PRO TUNC**


     The Court enters this order nunc pro tunc to correct an error in the Court's Minute Order of March 7, 2011 (dkt. #9). The Minute Order should read as follows:

     Before the Court is Plaintiff David L. Retz's Ex Parte Application For Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (dkt. #8), filed March 7, 2011.

     The Court hereby **DENIES** the Application for Temporary Restraining Order ("Application"), without prejudice to Plaintiff's right to file a properly noticed motion for a preliminary injunction.

     As stated in the Court's March 3, 2011 Order (dkt. #7) denying Plaintiff's previous Application for a temporary restraining order, Plaintiff has not met the requirements of Federal Rule of Civil Procedure 65. Plaintiff has not shown the requisite irreparable injury and diligence to obtain an ex parte temporary restraining order. *See* Fed. R. Civ. P. 65(b); *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

MINUTES FORM 90                       Initials of Deputy Clerk    jre
CIVIL - GEN

-1-

  Plaintiff filed the first Application for a temporary restraining order on March 2, 2011 (dkt. #6) and then filed this second Application on March 7, 2011. However, the Notice of Default and Election to Sell Under Deed of Trust attached to Plaintiff's Complaint appears to be dated November 16, 2010 and the Notice of Trustee's Sale appears to be dated February 11, 2011. *See* Compl., Exs. 5 & 7 (dkt. #1). The Notice of Trustee's Sale set the date of sale for March 9, 2011 at 1:00 p.m. *See* Compl., Ex. 7.  Plaintiff's delay in filing this Application negates the alleged threat of "immediate" irreparable injury required for grant of the Application. *See* Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 13:95 (The Rutter Group 2010).

  Additionally, Plaintiff provides insufficient evidence to show that Defendants "would not foreclose during an adjustment" or that the date of sale was "moved 'up'" by over two months. *See* Notice at 2:10-12; Mot. at 4:18-24. Exhibit 1 to the Application is the second page of a letter regarding the Home Affordable Modification Program ("HAMP"). Plaintiff argues that there is a "likelihood of success in proving that Defendants violated several Federal and State statutes under the rubric of 'mortgage adjustment'" as the letter represented that "[d]uring the HAMP evaluation, the subject property for which the application has been received will not be referred to foreclosure . . . ." and that the "review process [generally] takes 30 days." Mot at 5:2-8. However, it appears that Plaintiff attaches as Exhibit 2 to the Complaint both the first and second pages of this letter, which is dated July 23, 2010. As the letter is dated more than seven months before the filing of this Application, it also fails to show the requisite diligence.

**IT IS SO ORDERED.**