```
 1  LAW OFFICES OF JEROME ZAMOS
    Jerome Zamos, SB 36246
 2  5228 Campo Road
    Woodland Hills, California 91364
 3  Telephone: (818) 348-7151
    Facsimile: (818) 348-6095
 4  Email:   zamoslaw@aol.com

 5  Attorneys for PLAINTIFF DAVID L. RETZ
    individually and as Trustee of the
 6  DAVID LESTER RETZ REVOCABLE TRUST,
    dated February 12, 2007

 7
```



```
 8              UNITED STATES DISTRICT COURT

 9              CENTRAL DISTRICT OF CALIFORNIA
```



```
10          WESTERN DIVISION [SPRING STREET]
```

| | |
|---|---|
| 11  DAVID L. RETZ individually and ) as Trustee of the DAVID LESTER | Case No.: CV-11-01743-SVW(FFM) |
| 12  RETZ REVOCABLE TRUST, dated    ) February 12, 2007,              ) | ASSIGNED TO: THE HON. STEPHEN V. WILSON United States District Judge |
| 13                              ) PLAINTIFF            ) | Courtroom 6 The United States Courthouse |
| 14  v.                         ) | 312 North Spring Street Los Angeles, California 90012 |
| 15  ONE WEST BANK, F.S.B., a feder-) al savings banking chartered   ) | FIRST AMENDED COMPLAINT FOR DAMAGES AND |
| 16  under the laws of the United  ) States of America doing bus-    ) | CANCELLATION OF VOID DEED AS A RESULT OF WRONGFUL FORECLOSURE AND LENDER'S UNFAIR BUSINESS |
| 17  iness as INDYMAC MORTGAGE SERV-) ICES, NDEx West, LLC a limited ) | PRACTICES; DECLARATORY RELIEF QUIETING TITLE TO REAL PROPERTY BASED ON THE IMPROPER RECORDATION OF A |
| 18  liability Corporation organized) and existing under the laws of ) | VOID DEED OF TRUST AND INJUNCTIVE RELIEF AGAINST INTERFERENCE WITH PLAINTIFF'S CONTINUING RIGHT TO |
| 19  the State of Delaware and     ) FEDERAL NATIONAL MORTGAGE      ) | REMAIN IN POSSESSION OF RESIDENTIAL REAL PROPERTY |
| 20  ASSOCIATION, a federally chart-) ered enterprise chartered under) | [28 U.S.C. §§ 1331(a) & 2201(a); Cal. Civil Code §§1788.30(a), 3412 3412 FRCP 8, 9 and 65] |
| 21  an act of the Congress of the ) United States of America       ) | |
| 22                              ) DEFENDANTS;          ) | REQUEST FOR TRIAL BY JURY |
| 23  _____) | |

```
24      COMES NOW PLAINTIFF DAVID L. RETZ individually and

25  as Trustee of the DAVID LESTER RETZ REVOCABLE TRUST,

26  dated February 12, 2007 [hereinafter referred to as

27  "PLAINTIFF"] and for his claims for relief against each

28  of the defendants named herein alleges as follows:
```

---

## JURISDICTION AND VENUE

1.   This Court has jurisdiction under Article III of the Constitution of the United States of America to adjudicate the pending action.

2.   This Court has jurisdiction over the subject matter of this dispute under the provisions of 28 U.S.C. § 1332(a) because PLAINTIFF is a citizen and resident of the State of California, DEFENDANT ONE WEST BANK is a federally chartered savings bank doing business as INDYMAC MORTGAGE SERVICES [hereinafter referred to as "ONE WEST"] with its principal loan servicing office located in the State of Texas, DEFENDANT NDEx West, LLC is a limited liability Corporation [hereinafter referred to as NDEx WEST"] organized and existing under the laws of the State of Delaware with its principal place of business located in the State of Texas; DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION [hereinafter referred to as "FANNIE MAE"] is a federally chartered enterprise chartered under an act of the Congress of the United States of America with its principal place of business in the District of Columbia and the amount in controversy is in excess of SEVENTY-FIVE THOUSAND DOLLARS [$75,000.00].

3.   This Court has jurisdiction under 12 U.S.C. § 1723a (a) in cases involving FANNIE MAE and its right to claim an interest in real property.

/ / /

/ / /

1    4.   This action arises under 28 U.S.C. §  1331 be-

2  cause PLAINTIFF'S claims for relief are based, in part,

3  on damages resulting from DEFENDANTS' improper servicing

4  and foreclosure of a federally regulated loan transac-

5  tion in violation various federal and state statutes.

6    5.   To the extent PLAINTIFF'S claims for relief

7  under federal law are related to companion claims for

8  relief which arise under the laws of the State of Cali-

9  fornia this Court has supplemental jurisdiction under

10  the provisions of 28 U.S.C. § 1367(a).

11    6.   Venue for this action is in the Central District

12  of California because it involves property located with-

13  in said district.

14              NATURE OF PROCEEDING

15    7.   This action has been brought to recover actual

16  and punitive damages under state and federal law from

17  DEFENDANTS ONE WEST BANK and NDEx WEST as a result of

18  each of said DEFENDANTS' wrongful prosecution and com-

19  pletion of a foreclosure against that certain real prop-

20  erty located and commonly known as 2994 BUCKBOARD LANE,

21  SOLVANG CA 93463 [Santa Barbara Assessor's Parcel 141-

22  211-023 hereinafter referred to as "PLAINTIFF'S RESI-

23  DENCE"] in violation of both state and federal law.

24    8.   This action has been brought to recover actual

25  and punitive damages and attorney fees as a result of

26  ONE WEST'S unfair and illegal business practices which

27  resulted in the completion of an improper trustee's sale

28  against PLAINTIFF'S RESIDENCE.

9.   This action has been brought to obtain a declaration under 28 U.S.C. § 2201(a) estopping DEFENDANTS from claiming any interest in PLAINTIFF'S RESIDENCE as a result of ONE WEST'S conduct which led PLAINTIFF to believe no foreclosure proceedings would be prosecuted as a result of his non-payment of monthly installments while he was pursuing a loan modification in response to correspondence received from ONE WEST.

10.  This action has been brought to quiet title to PLAINTIFF'S RESIDENCE against the claims of FANNIE MAE based upon improper recordation of a void trustee's deed [a copy of which is attached hereto as Exhibit "A" which is hereinafter referred to as "THE VOID TRUSTEE'S DEED"] as instrument No. 2011-0016692 in the official records of Santa Barbara County, California on March 18, 2011.

11.  This action has been brought to obtain a declaration under the provisions of 28 U.S.C. § 2201(a) that the designation of NDEx WEST as a substitute trustee in the instrument recorded as instrument no. 2011-0001774 in the official Records of Santa Barbara County, California on January 10, 2011 [a copy of which is attached hereto as Exhibit "B" and hereinafter referred to as "THE UNAUTHORIZED  SUBSTITUTION"] was void because:

(a)  It was not executed by a party with the contractual right to effect the substitution referred to in the recorded instrument; and

/ / /

1       (b)   The instrument recorded did not comply

2             with paragraph 24 of the deed of trust re-

3             corded as instrument 2007-008543 recorded

4             in the official records of Santa Barbara

5             County, California [a copy of which is at-

6             tached hereto as Exhibit "C" and herein-

7             after referred to as "THE AUTHORIZING

8             INSTRUMENT"].

9        12.  This action has been brought to obtain injunc-

10   tive relief pursuant Rule 65 of the Federal Rules of

11   Civil Procedure preventing DEFENDANTS from interfering

12   with, or threatening to interfere with PLAINTIFF'S con-

13   tinuing use and occupancy of PLAINTIFF'S RESIDENCE

14   pending the final determination of the validity of their

15   claims against the property by this Court.

16                    LAW DEFINING THE PROCEDURES
      APPLICABLE TO THE ENFORCEMENT OF THE PARTIES' RIGHT

17                       UNDER FEDERAL LAW

18       13.  PLAINTIFF is informed, and based on such inform-

19   ation believes that the terms and conditions set forth

20   in THE AUTHORIZING INSTRUMENT are mandated by federal

21   regulations and preempt any provisions of any state laws

22   which are inconsistent with its terms.

23       14.  PLAINTIFF is informed, and based on such inform-

24   ation believes that as a result of the need to facili-

25   tate that sale of residential mortgage loans in a nation-

26   al market place FANNIE MAE has mandated and requires all

27   lenders participating in the programs it sponsors to use

28   standardized documents containing uniform provisions.

15. PLAINTIFF is informed, and based on such inform-ation believes that as a result of FANNIE MAE mandating and requiring the inclusion of uniform procedures for en-forcement of the loans processed through its system, the uniform procedures contained in its standardized docu-ments preempt and take precedent over conflicting provi-sions contained in statutes enacted by the various states including California.

**FIRST CLAIM FOR DAMAGES, ATTORNEY FEES, CANCELLATION OF VOID DEED AS A RESULT OF DEFENDANT ONE WEST'S WRONGFUL FORECLOSURE AND SALE OF PLAINTIFF'S RESIDENCE**

16. PLAINTIFF realleges and incorporates by this reference all of the allegations contained in paragraphs 1 through 15 inclusive from above.

17. As of July 6, 2010 PLAINTIFF was not in default in any of his obligations secured by THE AUTHORIZING IN-STRUMENT and there was no legal basis under either state or federal law upon which DEFENDANTS, their agents or anyone acting on their behalf had the right to prosecute a foreclosure proceeding against PLAINTIFF'S RESIDENCE.

18. On or about July 6, 2011 ONE WEST'S servicing office transmitted an invitation [a copy of which is at-tached hereto as Exhibit "D" hereinafter referred to as "THE INVITATION TO APPLY FOR A LOAN MODIFICATION"] to PLAINTIFF [through the United States Mail] to apply for a loan modification under a program "launched" by the United States "Department of the Treasury" to help bor-rowers save their homes and avoid foreclosure.

/ / /

19. THE INVITATION TO APPLY FOR A LOAN MODIFICATION PLAINTIFF stated in part that ONE WEST would work with PLAINTIFF "in an effort to help find a foreclosure alternative that works".

20. In response to THE INVITATION TO APPLY FOR A LOAN MODIFICATION PLAINTIFF called the telephone number provided and was advised by a representative of ONE WEST that if he submitted an application for a loan mod-ification in response to the invitation he would be al-lowed to defer all payment on his loan during the appli-cation period under a "forbearance agreement".

21. PLAINTIFF was further advised by ONE WEST'S rep-resentative that he was not to make any further payments on his loan pending receipt of a written forbearance agreement and that pending receipt of that agreement and the processing of his application for a loan modification no proceedings by way of foreclosure or otherwise would be processed by either ONE WEST or any of its agents or representatives.

22. ONE WEST'S assurances that participation in the application process described in both THE INVITATION TO APPLY FOR A LOAN MODIFICATION and his follow up conver-sation with the representative described in the previous paragraph was fortified by the subsequent correspondence dated July 23, 2010 [a copy of which is attached hereto as Exhibit "E"] which contained the following written assurance:

/ / /

1   During the HAMP evaluation, the subject prop-

2   erty for which the application has been re-

3   ceived will not be referred to foreclosure . . .

4  23. In reliance upon both the written and the oral

5 representations made to him from and after July 6, 2010

6 PLAINTIFF deferred making further monthly payments on

7 the loan secured by THE AUTHORIZING INSTRUMENT in the

8 belief that ONE WEST had granted him a moratorium pend-

9 ing completion of the application process which he was

10 in good faith attempting to complete.

11  24. Consistent with his good faith belief that ONE

12 WEST had granted him a moratorium, on or about July 26,

13 2010 ONE WEST transmitted to PLAINTIFF a written pro-

14 posal [a copy of which is attached hereto as Exhibit "F"

15 and hereinafter referred to as "THE MODIFIED LOAN PRO-

16 POSAL] that stated that he was being considered for a

17 loan modification which would reduce his monthly pay-

18 ments to ONE THOUSAND NINE HUNDRED AND FORTY TWO DOLLARS

19 AND FIFTY SIX CENTS [$1,942.56].

20  25. Because PLAINTIFF was prepared to accept the

21 terms of the loan modification set forth in THE MODIFIED

22 LOAN PROPOSAL and had been advised by a representative

23 of ONE WEST not to make any further payments on the loan

24 secured by THE AUTHORIZING INSTRUMENT until directed to

25 do so in a written agreement sent from their office in

26 Texas, he complied with all of ONE WEST'S requests by

27 submitting multiple copies of the documentation request-

28 ed by ONE WEST.

26. PLAINTIFF continued with the transmission of multiple sets of documents previously submitted despite what appeared to be ONE WEST'S continuing refusal to acknowledge the receipt of many of the documents he had already sent.

27. During the period between July 6, 2010 and November 8, 2010 no one associated with ONE WEST ever suggested that PLAINTIFF'S compliance with their instructions could be used as the basis for filing of a Notice of Default and the commencement of foreclosure proceedings which would result in the recordation of a deed clouding his title to PLAINTIFF'S RESIDENCE.

28. During the period from his initial telephone conversations with representatives of ONE WEST concerning its written offer to consider him for a loan modification under a federally sanctioned program in July of 2010 until November of 2010 when he was served with a notice of default [a copy of which is attached hereto as Exhibit "G" and hereinafter referred to as "THE NOVEMBER 2010 NOTICE"] PLAINTIFF was never advised his failure to make monthly payments could result in a foreclosure.

29. Had PLAINTIFF known, or even suspected that his compliance with the instructions from ONE WEST'S representatives would result in the recordation of THE NOVEMBER 2010 NOTICE he would not have participated in the application process initiated by ONE WEST through the transmission of THE INVITATION TO APPLY FOR A LOAN MODIFICATION on July 6, 2010.

30.  Instead of giving PLAINTIFF the moratorium on the payment of monthly installments promised during the course of his conversations with ONE WEST during July of 2010, PLAINTIFF'S compliance with the instructions given by ONE WEST'S representatives was used by it to:

    (a)  Justify The wrongful prosecution of a foreclosure proceeding against PLAIN-TIFF'S RESIDENCE;

    (b)  Direct an NDEx West to conduct an improper trustee's sale on March 9, 2010 at which FANNIE MAE entered a credit bid to acquire PLAINTIFF'S PROPERTY for a price that was substantially less than its fair market value; and

    (c)  Record THE VOID TRUSTEE'S DEED in the official records of Santa Barbara County, California on March 18, 2011 which now clouds PLAINTIFF'S title.

31.  As a result of the foregoing under California Civil Code § 3412 PLAINTIFF is entitled to have THE VOID TRUSTEE'S DEED be adjudged void and cancelled.

32.  As a result of the foregoing PLAINTIFF requests title to PLAINTIFF'S RESIDENCE be quieted of claims based on the recordation THE NOVEMBER 2010 NOTICE [recorded as instrument No.2010-0064731 in the official records of Santa Barbara, California] and THE VOID TRUSTEE'S DEED [recorded as instrument No. 2011-0016692 in the official records of Santa Barbara County, California].

33.  As a result of the foregoing PLAINTIFF has suffered by general and special damages including:

    (a)  Being  forced to incur the costs and expenses related to the retention of counsel to assist in quieting title to PLAINTIFF'S RESIDENCE;

    (b)  The costs associated with relocating his business which he has been able to operate out of PLAINTIFF'S RESIDENCE until faced with the prospect of losing possession of the property following the recent recordation of THE VOID DEED OF TRUST;

    (c)  The mental stress, emotional distress, discomfort and anxiety experienced as a result of the threat of the potential involuntary removal from PLAINTIFF'S RESIDENCE.

34.  The actual amount of PLAINTIFF'S damages will be shown by evidence produced during the course of this litigation and determined by a jury as trier of fact during the trial of this action.

35.  In taking the actions referred to herein ONE WEST and its agents have acted in a reckless and irresponsible manner with complete indifference to the consequences of their actions which justifies an award of punitive damages in such sum as may be determined by a jury empaneled as trier of fact in this case.

/ / /

**SECOND CLAIM FOR RELIEF FOR A DECLARATION UNDER THE PROVISIONS OF 28 U.S.C. § 2201(a) DETERMINING THE VALIDITY OF A TRUSTEE'S DEED EXECUTED BY A PARTY WHOSE AUTHORITY WAS NOT CONFERRED IN A MANNER CONSISTENT WITH THE PROCEDURES REQUIRED UNDER A UNIFORM INSTRUMENT MANDATED BY FANNIE MAE AS PART OF ITS REQUIREMENTS FOR PARTICIPATION IN A NATIONAL PROGRAM INVOLVING THE PURCHASE OF RESIDENTIAL LOANS**

36. PLAINTIFF realleges and incorporates by this reference all of the allegations contained in paragraphs 1 through 35 inclusive from above.

37. PLAINTIFF is informed, and based on such inform-ation believes that by virtue of the mandate contained in the statutes enacted by the Congress of the United States of America giving FANNIE MAE the authority to create and supervise a market for the sale of resident-ial mortgage loans the provisions of the instruments created by FANNIE MAE preempt any provisions under any inconsistent provisions of state law by virtue of the Supremacy Clause contained in Article VI of the United States Constitution of the United States of America.

38. PLAINTIFF is informed, and based on such inform-ation believes that the manner in which a trustee may be granted the authority to conduct a trustee's sale under the deed of trust recorded as instrument 2007-008543 re-corded in the official records of Santa Barbara County, California [a copy of which is attached hereto as Exh-ibit "B" and referred herein as "THE AUTHORIZING INSTRU-MENT"] is mandated by FANNIE MAE as part of the author-ity conferred upon it under the statutes enacted by the Congress of the United States of America in connection with its creation.

39. PLAINTIFF is informed, and based on such inform-
ation believes that paragraph 24 of THE AUTHORIZING IN-
STRUMENT [which provides that it "shall govern to the
exclusion of all other provisions for substitution"]
mandated by FANNIE MAE in connection with the loan which
is the subject matter of this action provides:

> *Lender*, at its option, may from time to time
> appoint a successor trustee to any Trustee
> appointed hereunder by an instrument executed
> and acknowledged by Lender and recorded in the
> office of the Recorder of the county in which
> the Property is located. The instrument shall
> contain the name of the original Lender,
> Trustee and Borrower, the book and page  where
> this Security Instrument is recorded and the
> name and address of the successor trustee.
> Without conveyance of the Property, the
> successor trustee shall succeed to all the
> title, powers and duties conferred upon the
> Trustee herein and by Applicable Law.

40. PLAINTIFF is informed, and based on such inform-
ation believes that under paragraph 24 of THE AUTHORI-
ZING INSTRUMENT mandated by FANNIE MAE no entity, other
than an entity executing a substitution of trustee in
the capacity as the "lender" has the authority to desig-
nate anyone to act as the trustee in connection with the
sale of PLAINTIFF'S RESIDENCE.

/ / /

41. PLAINTIFF is informed, and based on such inform-
ation believes that the party designated as "lender"
under the terms of THE AUTHORIZING INSTRUMENT [INDYMAC
BANK, F.S.B.] conveyed its interest in the loan which
was secured by the instrument to FANNIE MAE [although
retaining the servicing rights which at some point were
transferred to ONE WEST] at some time prior to July of
2010.

42. PLAINTIFF is informed, and based on such inform-
ation believes that from and after the transfer of the
interest of INDYMAC BANK, F.S.B. as the holder of the
note secured by THE AUTHORIZING INSTRUMENT to FANNIE
MAE, FANNIE MAE as the "lender" was the only party or
entity authorized under paragraph 24 of THE AUTHORIZING
INSTRUMENT with the authority to execute and record an
instrument designating or authorizing any entity or
person other than the original trustee UNITED GENERAL
TITLE INSURANCE COMPANY to carry out the functions of a
trustee in connection with any sale conducted under the
terms of the instrument.

43. Based on the foregoing PLAINTIFF requests that
this Court enter a judgment under 28 U.S.C. § 2201(a)
that under the "exclusive procedures" mandated by FANNIE
MAE under paragraph 24 of THE AUTHORIZING INSTRUMENT
neither ONE WEST or any other person or party holding
the assignment of Mortgage Electronic Registration
Systems, Inc.'s beneficial interest under the deed of
trust recorded as instrument no. 2007-0085435 recorded

in the official records of Santa Barbara County, California had the authority to execute the substitution of trustee recorded as instrument no 2011-0001774 in the official records of Santa Barbara, County, California.

44. Based on the foregoing PLAINTIFF requests that this Court enter a judgment under 28 U.S.C. § 2201(a) that as a result of the foregoing THE UNAUTHORIZED SUBSTITUTION recorded as instrument no 2011-0001774 in the official records of Santa Barbara, County, California was void and conferred no authority on the party therein designated to conduct a trustee's sale or perform any other function under the terms and conditions of THE AUTHORIZING INSTRUMENT.

45. Based on the foregoing PLAINTIFF requests that this Court enter a judgment under 28 U.S.C. § 2201(a) declaring NDEx West did not have the authority to conduct a trustee's sale of PLAINTIFF'S RESIDENCE or execute THE VOID TRUSTEE'S DEED [recorded as instrument No. 2011-0016692 in the official records of Santa Barbara County, California].

46. Based on the foregoing PLAINTIFF requests that this Court enter a judgment under 28 U.S.C. § 2201(a) that THE VOID TRUSTEE'S DEED [recorded as instrument No. 2011-0016692 in the official records of Santa Barbara County, California] did not pass title to PLAINTIFF'S RESIDENCE to FANNIE MAE or anyone else.

/ / /

/ / /

WHEREFORE PLAINTIFF prays that this Court enter a judgment:

1.   Adjudging THE VOID TRUSTEE'S DEED recorded as Instrument No. 2011-0016692 in the official records of Santa Barbara County, California on March 18, 2011 void and ordering its cancellation in accordance with California Civil Code § 3412.

2.   Awarding PLAINTIFF an amount equal to the actual damages suffered as a result of the prosecution of an improper foreclosure proceeding against PLAINTIFF'S RES-IDENCE [including the costs and attorney fees incurred in quieting title to the property] in such amount as a jury empaneled as the trier of fact in this case may determine is just and proper;

3.   Awarding PLAINTIFF an amount equal to the general damages based on his inconvenience and mental anguish suffered as a result of the prosecution of an improper foreclosure proceeding against PLAINTIFF'S RESIDENCE in such amount as a jury empaneled as the trier of fact in this case may determine is just and proper;

4.   Declaring that neither ONE WEST or any other person acting in the capacity of a beneficiary [as defined in the deed of trust recorded as instrument no. 2007-0085435 recorded in the official records of Santa Barb-ara County, California had the authority to execute the substitution of trustee recorded as instrument no 2011-0001774 in the official records of Santa Barbara, County, California.

5.   Declaring that THE UNAUTHORIZED SUBSTITUTION recorded as instrument no 2011-0001774 in the official records of Santa Barbara, County, California was void and conferred no authority on the party therein designated to conduct a trustee's sale or perform any other function under the terms and conditions of THE AUTHORIZING INSTRUMENT.

6.   Declaring that NDEx West did not have the authority to conduct a trustee's sale of PLAINTIFF'S RESIDENCE or execute THE VOID TRUSTEE'S DEED [recorded as instrument No. 2011-0016692 in the official records of Santa Barbara County, California].

7.   Declaring that THE VOID TRUSTEE'S DEED [recorded as instrument No. 2011-0016692 in the official records of Santa Barbara County, California] did not pass title to PLAINTIFF'S RESIDENCE to FANNIE MAE or anyone else.

8.   Awarding PLAINTIFF Punitive damages in such sum as a jury empaneled as the trier of fact in this case may determine is just and proper;

9.   Awarding PLAINTIFF reasonable attorneys' fees and costs in such amount as the Court deems appropriate.

10.  For such other and further relief as the Court deems just and proper.

LAW OFFICES OF JEROME ZAMOS

By: _____
    Jerome Zamos, Attorneys for
    Attorneys for PLAINTIFF DAVID L.
    RETZ individually and as Trustee
    of the DAVID LESTER RETZ REVOCABLE
    TRUST, dated February 12, 2007