LAW OFFICES OF JEROME ZAMOS
Jerome Zamos, SB 36246
5228 Campo Road
Woodland Hills, California 91364
Telephone: (818) 348-7151
Facsimile: (818) 348-6095
Email:    zamoslaw@aol.com

Attorneys for PLAINTIFF DAVID L. RETZ
individually and as Trustee of the
DAVID LESTER RETZ REVOCABLE TRUST,
dated February 12, 2007

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION [SPRING STREET]

| | |
|---|---|
| DAVID L. RETZ individually and as Trustee of the DAVID LESTER RETZ REVOCABLE TRUST, dated February 12, 2007,<br><br>            PLAINTIFF<br><br>v.<br><br>ONE WEST BANK, F.S.B., etc., et al.<br><br>            DEFENDANTS; | Case No.: CV-11-01743-SVW(FFM)<br>ASSIGNED TO:<br>THE HON. STEPHEN V. WILSON<br>United States District Judge<br>Courtroom 6<br>The United States Courthouse<br>312 North Spring Street<br>Los Angeles, California 90012<br>PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br>[FRCP 65(a)]<br>Date:   May 9, 2011<br>Time:   1:30 pm<br>Place:  Courtroom 6<br>        312 No. Spring Street, Los Angeles, Ca. |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO HIS REQUEST FOR A PRELIMINARY INJUNCTION PROTECTING HIS RIGHT TO RETAIN POSSESSION OF HIS PRINCIPAL RESIDENCE DURING THE PENDENCY OF LITIGATION WHICH SEEKS RELIEF FROM DEFENDANTS' FRAUDULENT CONDUCT**

Rather than addressing the core issue raised by the pending action brought by PLAINTIFF DAVID L. RETZ [hereinafter referred to as "PLAINTIFF"] to preserve possession of the property he has occupied as his principal residence since 1987, DEFENDANTS have carefully avoided the undisputed fact that their wrongful actions, if left unremediated, will result in their realizing a quarter of a million dollar windfall.

**DEFENDANTS' FAILURE TO CHALLENGE THE FACTUAL BASIS FOR PLAINTIFF'S CLAIMS FOR RELIEF IN THIS ACTION**

As set forth in ¶ 7 at page 3 lines 15 through 23 inclusive of PLAINTIFF'S FIRST AMENDED COMPLAINT [Docket # 19 hereinafter referred to as "THE FIRST AMENDED COMPLAINT"] filed herein on March 28, 2011:

> This action has been brought . . . as a result of each of said DEFENDANTS' wrongful prosecution and completion of a foreclosure against that certain real property located and commonly known as 2994 BUCKBOARD LANE, SOLVANG CA 93463 . . . ["PLAINTIFF'S RESIDENCE"].

The factual basis for PLAINTIFF'S claims are set forth in both ¶¶ 17 through 30 inclusive at page 6 line 14 through page 10 line 18 inclusive of THE FIRST AMENDED COMPLAINT and ¶¶ 3 through 7 inclusive at page 2 line 20 through page 4 line 9 inclusive of PLAINTIFF'S sworn declaration [Docket # 22-1 filed herein on April 15, 2011 which is hereinafter referred to as "PLAINTIFF'S DECLARATION"].

Based upon those factual claims PLAINTIFF seeks :

(a)  To have THE TRUSTEE'S DEED which is the basis for DEFENDANTS' threats to remove PLAINTIFF from PLAINTIFF'S RESIDENCE declared void and cancelled under California Civil Code § 3412 [see ¶ 31 at page 10 lines 19 through 21 inclusive of THE FIRST AMENDED COMPLAINT]; and

/ / /

DAVID L. RETZ v. ONE WEST BANK, F.S.B, et al 2:11 CV 1743 SVW(FFM)
SUPPLEMENTAL DEC. OF DAVID L. RETZ IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF
FRCP 65(a) RE: POSSESSION
2

        (b) injunctive relief pursuant Rule 65 of the Federal Rules of Civil Procedure preventing DEFENDANTS from interfering with, or threatening to interfere with PLAINTIFF'S continuing use and occupancy of PLAINTIFF'S RESIDENCE pending the final determination of the validity of their claims against the property by this Court [see ¶ 12 at page 5 lines 9 through 15 inclusive of THE FIRST AMENDED COMPLAINT].

    DEFENDANTS' opposition contains no declarations or other evidentiary materials which either contradicts, or disputes the factual recitations contained in either THE FIRST AMENDED COMPLAINT or PLAINTIFF'S DECLARATION filed in support of his request for relief under Rule 65(a) of the Federal Rules of Civil Procedure during the pendency of this litigation.

    While PLAINTIFF may bear the initial burden to establish his right to relief under Rule 65(a) of the Federal Rules of Civil Procedure, upon establishing a prima facie basis for relief the burden shifts to DEFENDANTS to produce evidence that either contradicts or rebuts PLAINTIFF'S claims.

    DEFENDANTS have failed to produce any evidence which contradicts PLAINTIFF'S claim that the default that served as a basis for the trustee's sale was based on PLAINTIFF'S reliance upon and compliance with DEFENDANTS' instructions.

Instead of challenging the factual recitations contained in both THE FIRST AMENDED COMPLAINT and PLAINTIFF'S DECLARATION [without acknowledging the current value of PLAINTIFF'S RESIDENCE[1] and the substantial windfall that they will realize if the fraudulent actions described PLAINTIFF'S DECLARATION are not sub-ject to remediation] DEFENDANTS attack PLAINTIFF'S standing to seek relief from this Court.

A plaintiff has standing to assert a claim if he can show that :

(1) He or she personally suffered some actual or threatened injury as a result of the challenged conduct;

(2) The injury is fairly traceable to that alleged conduct, and

(3) It is likely, not just merely speculative, that the injury will be redressed by a favorable decision of the court.

See: *Lujan v. Defenders of Wildlife* 504 U.S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 [1992]

And a party who has standing to bring a claim, has the right to the relief he seeks as a result of a wrong for which he has presented a prima facie basis for recover that is not challenged by his or her adversary.

---

1. The indicated value of PLAINTIFF'S RESIDENCE is evidenced by the comparable sales of properties in the area in which PLAINTIFF'S RESIDENCE is located [see Exhibit "H" in filed concurrently] and PLAINTIFF'S opinion of value set forth in ¶ 3 at page 2 lines 14 through 19 inclusive of PLAINTIFF'S supplemental declaration filed and served concurrently with this memorandum.

1  While DEFENDANTS argue that PLAINTIFF does not have the right to either bring an action under HAMP or challenge the manner "the lender" conducted the foreclosure his home [see page 8 lines 9 through 15 inclusive of DEFENDANTS' OPPOSITION filed herein on April 28, 2011 [Docket # 26 hereinafter referred to as "DEFENDANTS' OPPOSITION"], DEFENDANTS ignores the legal basis for PLAINTIFF'S claims for relief.

The common law basis for PLAINTIFF'S claims is not based upon DEFENDANTS' commitment under HAMP program, it is based upon an estoppel theory which has been upheld by both federal and state courts.

Cf  *Sencion v. Saxon Mortgage Services* [U.S. Dist. N.Cal. April 11, 2011] 2011 U.S. Dist. LEXIS 41022; Aceves v. U.S. Bank National Association [January 27, 2011] 192 Cal. App. 4th 218

PLAINTIFF'S claims also appear to be supported by the recent consent order which DEFENDANTS en-tered into with the Office of Thrift Supervision which became effective on April 13, 2011 [see Exhibit "I"].

### THREATENED REMOVAL FROM A PARTY'S PRINCIPAL RESIDENCE IS A SUFFICIENT BASIS FOR FINDING A THREAT OF IRREPARABLE HARM

As set forth in both PLAINTIFF'S moving papers and DEFENDANTS' opposition this litigation involves claims to a residence that PLAINTIFF has owned and occupied as his principal residence since 1987.

The property is, in addition to other uses made of it, PLAINTIFF'S home.

/ / /

1  The law, both before and after the adoption of the
2  Constitution has treated a man's interest in his or her
3  home from a view stemming from the common law maxim,
4  that "[t]he house of every one is to him as his castle
5  and fortress, as well for his defence [sic] against
6  injury and violence, as for his repose"
7      See:   *L. A. Police Protective League v. Gates* [9th Cir. 1990] 907 F.2d 879,884
8      As The Supreme Court has observed in *Georgia v.*
9  *Randolph*  547 U.S. 103, 115,  126 S. Ct. 1515, 1524,
10 164 L. Ed. 2d 208 [2006]

> [T]he home is entitled to special protection
> as the center of the private lives of our
> people," Minnesota v. Carter, 525 U.S. 83,
> 99, 119 S. Ct. 469, 142 L. Ed. 2d 373 (1998)
> (Kennedy, J., concurring). We have, after all,
> lived our whole national history with an
> understanding of "the ancient adage that a
> man's house is his castle [to the point that
> t]he poorest man may in his cottage bid
> defiance to all the forces of the Crown,"
> Miller v. United States, 357 U.S. 301, 307, 78
> S. Ct.  1190, 2 L. Ed. 2d 1332 (1958)

     As set forth in PLAINTIFF'S DECLARATION, he will
suffer immediate irreparable harm if he and his family
are forced to endure the continuing threat of the loss
of the home they have maintained since 1987.
/ / /
/ / /

By contrast DEFENDANTS have not shown any damage which they will suffer if their right to take possession of PLAINTIFF'S RESIDENCE is delayed pending a final resolution of this action.  Those damages [if any] are minimal because the property is subject to a recorded Lis Pendens [Docket #20] and cannot be sold until the current dispute is resolved.

Rather than allowing DEFENDANTS to proceed with their threatened eviction proceeding the interests of all parties would be better served by the entry of an order consistent with ¶ 6 at page 3 lines 6 through 11 inclusive of PLAINTIFF'S SUPPLEMENTARY DECLARATION.

Thus, because it is unlikely DEFENDANTS have any plans to occupy PLAINTIFF'S RESIDENCE, it is likely the property will remain vacant pending the final determination of the issues raised in THE FIRST AMENDED COMPLAINT if PLAINTIFF is forced to move before the pending action is concluded.  A result that benefits no one.

   cf   *Sencion v. Saxon Mortgage Services* supra;
        Bowman v. Reconstruct Co., N.A. [U.S.Dist.
        Oregon October 28, 2010] 2010 U.S. Dist.
        LEXIS 116153

### DEFENDANTS' OPPOSITION IGNORES PLAINTIFF'S STATED WILLINGNESS TO COMPLY WITH WHATEVER TERMS THE COURT DETERMINES ARE APPROPRIATE CONDITIONS TO GRANTING HIM THE RELIEF SOUGHT IN THIS LITIGATION

Without addressing the merits of DEFENDANTS' legal arguments concerning their right to retain the benefits of their fraudulent conduct, as set forth in ¶ 5 at page 3 lines 1 through 5 inclusive of PLAINTIFF'S SUPPLEMENTAL DECLARATION DEFENDANTS' agents have refused to PLAINTIFF'S offer of tender which proceeded the filing of this action.

# IN THE ABSENCE OF SOME CONFLICTING EVIDENCE PLAINTIFF IS LIKELY TO PREVAIL ON THE EQUITABLE ESTOPPEL CLAIMS RAISED IN THE FIRST AMENDED COMPLAINT

Notably absent from DEFENDANTS' OPPOSITION is any legal or factual basis for challenging PLAINTIFF'S right to recover on his FIRST CLAIM FOR RELIEF which is supported by the California Court of Appeal's recent decision in *Aceves v. U.S. Bank National Association* supra.

What is equally significant is DEFENDANTS' recent consent to the entry of an order by The Office of Thrift Supervision [a copy of which is attached to PLAINTIFF'S counsel's declaration in support of request for judicial notice under Rule 202 of the Federal Rules 201(d) as Exhibit "I"] which requires the submission of a plan:

> . . . [T]o remediate all financial injury to borrowers caused by any . . . misrepresentations . . . [see ¶ 18 at page 17 of Exhibit "I"] . . . [and] make all reimbursement and remediation payments and provide all credits required by such plan [see ¶ 19 at page 17 of Exhibit "I"].

At a minimum it would be inappropriate to allow DEFENDANTS to prosecute or take any action which is inconsistent with its obligation to a federal regulatory agency under the terms of a consent order based upon the same conduct which is the subject matter of a pending federal action seeking the same type of relief which DEFENDANTS have already agreed to provide [see ¶ 19 at page 17 of Exhibit "I"].

DAVID L. RETZ v. ONE WEST BANK, F.S.B, et al 2:11 CV 1743 SVW(FFM)
SUPPLEMENTAL DEC. OF DAVID L. RETZ IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF
FRCP 65(a) RE: POSSESSION
8

# A PRELIMINARY INJUNCTION IS AN APPROPRIATE REMEDY TO PROTECT THE STATUS QUO AND PREVENT THE IRREPARABLE LOSS OF RIGHTS BEFORE JUDGMENT

The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment issues and prevent irreparable loss of rights prior to final disposition of the litigation

> see: *Sierra On-Line, Inc. v. Phoenix Software, Inc.* [9th Cir. 1984] 739 F.2d 1415, 1422; *Barancik v. Investors Funding Corp.* [7th Cir. 1973] 489 F.2d 933, 935 fn. 5 and 6

The threat of a party being required to participate in multiple actions to address the issues raised in the action in which relief is sought is sufficient to uphold the injunctive relief.

> See: *Lee v. Bickell*, 292 U.S. 415, 421, 54 S. Ct. 727, 78 L. Ed. 1337 [1934]

# THE ANTI INJUNCTION ACT HAS NO APPLICATION TO AN ACTION THAT HAS NOT BEEN FILED A STATE COURT

The pending motion for injunctive relief does not seek to enjoin the continuation of an action pending in any state Court, and DEFENDANTS make no claim that any action was commenced to remove PLAINTIFF from possession of PLAINTIFF'S RESIDENCE prior to the commencement of this Action.

The Supreme Court has also held that the Act does not "preclude injunctions against the institution of state court proceedings, but only bar stays of suits already instituted".

> See: *Dombrowski v. Pfister*, 380 U.S. 479, 484 fn.2, 85 S. Ct. 1116, 1120, 14 L. Ed. 2d 22 [1965]; *Union Oil Co. v. Minier* [9th Cir. 1970] 437 F.2d 408, 411; *Bank One Del. NA v. Wilens* [U.Dist. Cent. Cal. 2003] 2003 U.S. Dist. LEXIS 27379

## CONCLUSION

Based on the foregoing the entry of a preliminary injunction restraining DEFENDANTS from taking any action which interferes with or threatens to interfere with PLAINTIFF'S possession of PLAINTIFF'S RESIDENCE pending a final determination of the issues raised in THE FIRST AMENDED COMPLAINT on file herein is appropriate.

Respectfully Submitted:
LAW OFFICES OF JEROME ZAMOS

By: /s/ Jerome Zamos
Jerome Zamos, Attorneys for
Attorneys for PLAINTIFF DAVID L. RETZ
individually and as Trustee of the
DAVID LESTER RETZ REVOCABLE TRUST,
dated February 12, 2007

**PROOF OF SERVICE BY US MAIL & ELECTRONIC MAIL**

State of California, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 5228 Campo Road, Woodland Hills, California 91364

On May 2, 2011 I served the following document(s) described as PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION on counsel for each of the parties named in this action first transmitting a copy by electronic mail to such counsel's designated email address and then placing a copy in a sealed envelopes delivered to the United States Postal Service with first class postage prepaid address as follows:

<u>COUNSEL FOR DEFENDANTS ONE WEST BANK & NDEX, WEST & FANNIE MAE</u>

EdwardT@BDFGroup.com
DeepikaS@BDFGroup.com

EDWARD A. TREDER, Esquire
DEEPIKA S. SALUJA, Esquire
BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765-4029

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Wood-land Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in set forth in this affidavit.

I am employed in the office of a member of the bar of this Court, at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 2, 2011 at Woodland Hills, California.

*Judith F. Kaplan*
Judith F. Kaplan

---

DAVID L. RETZ v. ONE WEST BANK, F.S.B, et al 2:11 CV 1743 SVW(FFM)
SUPPLEMENTAL DEC. OF DAVID L. RETZ IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF
FRCP 65(a) RE: POSSESSION