UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-01743-SVW-FFM | Date | July 12, 2011 |
|---|---|---|---|
| Title | David L. Retz v. One West Bank, F.S.B. | | |

JS6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul M. Cruz | N/A | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**   IN CHAMBERS re Defendants' Motion to Dismiss [33]

**I.   Introduction**

David L. Retz ("Plaintiff") initiated this lawsuit on February 28, 2011.  Plaintiff filed a First Amended Complaint ("FAC") on March 28, 2011.  Defendants are One West Bank, F.S.B. doing business as Indymac Mortgage Services, NDEx West, LLC, and Federal National Mortgage Association ("Fannie Mae").  Plaintiff's suit arises from the nonjudicial foreclosure sale of his home in March 2011.  In his first cause of action, under a theory of promissory estoppel,[1] Plaintiff asserts that he is entitled to damages and the revocation of the sale.  In his second cause of action, Plaintiff contends that Defendants failed to follow mandated procedures to properly substitute a trustee under paragraph 24 of the Deed of Trust, and seeks a declaration that the deed sold on March 2011 was void.

**A.   Facts**

The Court has previously discussed the facts alleged in the FAC in its Order Denying Plaintiff's Motion for a Preliminary Injunction (Doc. No. 31).  The Court only briefly recites the facts relevant to the instant Motion.

Plaintiff alleges that he was not in breach of his loan agreement when he received an invitation to apply for a loan modification from Defendant One West on July 6, 2011.  In response to this invitation, Plaintiff contacted a representative from Defendant One West, who advised him over the phone that "if he submitted an application for a loan modification in response to the invitation[,] he would be allowed to defer all payment on his loan *during the application period* under a 'forbearance agreement.'"  (FAC ¶ 20) (emphasis added).  Plaintiff was advised to not make any additional payments pending receipt of a written forbearance agreement.  (FAC ¶ 21).  Further, Plaintiff was told that "pending receipt of [the forbearance] agreement and the processing of his application for a loan

---

[1] Though Plaintiff's Opposition asserts that his first cause of action is under a promissory estoppel theory, the FAC does not expressly reference the theory.

:

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-01743-SVW-FFM | Date | July 12, 2011 |
|---|---|---|---|
| Title | David L. Retz v. One West Bank, F.S.B. | | |

JS6

modification[,] no proceedings by way of foreclosure or otherwise would be processed by either One West or any of its agents or representatives."  (FAC ¶ 21).

On July 23, 2010, Plaintiff received a letter from One West, which stated that "[d]uring the [loan modification] evaluation, the subject property for which the application has been received will not be referred to foreclosure. . . ."  (FAC ¶ 22).  On July 26, 2010, Plaintiff received a letter from Defendant One West inviting Plaintiff to "take advantage of today's low mortgage rates" and encouraging Plaintiff to call to seek to reduce his monthly loan payments.  (FAC Ex. F).  Plaintiff alleges this letter was a written proposal that confirmed that he was being considered for a loan modification.  (FAC ¶ 24). Based on these written and oral representations, Plaintiff stopped making his payments and applied for a loan modification.  (FAC ¶ 25).  Subsequently, on November 16, 2010, Defendant NDeX West, LLC commenced a non-judicial foreclosure against Plaintiff's home.  (RJN Ex. 7).  On March 9, 2010, Plaintiff's home was sold in a trustee sale.  (RJN Exs. 9 and 10).

**II.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  See Fed. R. Civ. Proc. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1951).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in a light most favorable to the nonmoving party.  Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).  While a court does not need to accept a pleader's legal conclusions as true, the court reviews the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party.  Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

**III.   Discussion**

In their Reply, Defendants assert that Plaintiff has failed to plead a claim for promissory estoppel as a matter of law, or in the alternative, Defendants raise a statute of frauds defense.[2]  Further,

---

[2] Defendants raised numerous arguments in the Motion to Dismiss that they have abandoned in light of Plaintiff's Opposition.  For example, Defendants initially argued that Plaintiff was required to allege tender before a court of equity (even though the FAC includes claims for damages), and that there is no private right of action under HAMP (even though Plaintiff asserted no rights under HAMP).  None of these arguments are even mentioned in the Reply and deemed conceded in light of Plaintiff's

: _____

Initials of Preparer  _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-01743-SVW-FFM | Date | July 12, 2011 |
|---|---|---|---|
| Title | David L. Retz v. One West Bank, F.S.B. | | |

JS6

Defendants argue that state law, not the contrary provision in the Deed of Trust, governs non-judicial foreclosure procedures.

### A.     Promissory Estoppel

"The doctrine of promissory estoppel makes a promise binding under certain circumstances, without consideration in the usual sense of something bargained for and given in exchange." Garcia v. World Sav., FSB, 183 Cal. App. 4th 1031, 1040-41 (2010) (quoting Youngman v. Nevada Irrigation Dist., 70 Cal.2d 240, 249 (1969)) (internal quotations and corrections omitted).  "In such a case, although no consideration or benefit accrues to the person making the promise, he is the author or promoter of the very condition of affairs which stands in his way; and when this plainly appears, it is most equitable that the court should say that they shall so stand." Id. at 1041 (quoting Wade v. Markwell & Co., 118 Cal.App.2d 410, 420 (1953)) (internal quotations and corrections omitted).

"The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 227 (2011) (internal quotations and modifications omitted). Plaintiff contends that he relied upon One West's representations that it would not foreclose during the modification period, that his reliance was reasonable in light of the information provided by One West, and that he was injured by his reliance when foreclosure proceedings were initiated, resulting in the sale of his home.  Defendants argue that the statute of frauds applies to Plaintiff's promissory estoppel claim. Alternatively, Defendants respond that they never made a clear and unambiguous promise, and that even if they had, Plaintiff's reliance was unreasonable.

Defendants' statute of frauds defense is meritless.  Under California law, the statute of frauds does not extend to a claim for promissory estoppel.[3] Garcia, 183 Cal. App. 4th at 1041 n.10; Sutherland v. Barclays American/Mortgage Corp., 53 Cal. App. 4th 299, 312 (1997) (holding promissory estoppel claim not barred by statute of frauds); Allied Grape Growers v. Bronco Wine Co., 203 Cal. App. 3d 432, 443 (1988) (following sister states in holding that "estoppel can be applied to overcome the Uniform

---

Opposition.

[3] Defendants' argument is based on a misreading of Plaintiff's FAC.  Defendants suggest that  "Plaintiff claims that, based on minimal conversation with [One West Bank], he had in place an agreement to defer payments and postpone the sale . . . ." Reply at 5.  However, Plaintiff makes no such claim.  The FAC does not allege any facts showing that a forbearance agreement was reached, nor that any consideration was provided by Plaintiff for a forbearance agreement.  Plaintiff alleges only that Defendant One West promised that Plaintiff's failure to make payments during the loan modification process would not lead to foreclosure, that Plaintiff detrimentally relied on this promise, that his reliance was reasonable, and that he was injured as a result of his reliance.

:

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-01743-SVW-FFM | Date | July 12, 2011 |
|---|---|---|---|
| Title | David L. Retz v. One West Bank, F.S.B. | | |

JS6

Commercial Code's statute of frauds provision as long as a court is not enforcing a mere oral promise."); Cf. Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 120-21 (1971) (holding that statute of frauds barred claim based on breach of an oral *agreement* to postpone foreclosure sale where consideration was given by both parties).

  Defendants' argument that Plaintiff has not alleged the first element of promissory estoppel, a clear and unambiguous promise, also fails. Defendants contend that the loan modification invitation was not a promise, but merely an invitation. However, this point is irrelevant. The FAC *does not allege* that Plaintiff relied on a promise that he *would receive a loan modification* based on the invitation. Instead, the FAC alleges that Plaintiff relied on oral representations as well as representations in a subsequent letter that led him to believe that (1) he should stop making payments to be eligible for a modification and (2) that his failure to pay during the loan modification application process would not subject him to foreclosure proceedings.[4]

  On the other hand, the FAC does not allege that foreclosure proceedings began while Plaintiff's loan modification application was still being processed. Plaintiff claims to have relied on a promise that "*[d]uring the [loan modification] evaluation*, the subject property for which the application has been received will not be referred to foreclosure." (FAC ¶ 22) (emphasis added). As the FAC itself alleges, Plaintiff was never promised that foreclosure proceedings would not be instituted in perpetuity; instead, Plaintiff was only promised that foreclosure proceedings would not be instituted while his loan modification application was pending. Unless the loan modification application was *still pending* at the time of foreclosure, Plaintiff's reliance on any promise alleged in the FAC is manifestly unreasonable. Thus, without an allegation that the loan modification application was *still pending* at the time foreclosure proceedings were initiated, Plaintiff fails to plead a claim plausible on its face. See Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Moreover, with the Original Complaint, Plaintiff attached a November 8, 2010 letter sent by One West. The letter demonstrates that Plaintiff's application for a loan modification was rejected on November 8, 2010. Foreclosure proceedings were not begun until November 16, 2010. Though Plaintiff's FAC does not attach this letter -- and neither do Defendants -- the letter is evidence showing that Plaintiff's loan modification application was not pending at the time foreclosure proceedings were initiated.[5]

---

[4] Defendants also rely heavily on Dooms v. Federal Home Loan Mortg. Corp., No. CV F 11–0352 LJO DLB, 2011 WL 1232989 at * 10 (E.D. Cal. March 31, 2011). The Court does not find the reasoning in Dooms persuasive.

[5] The Court notes that the Original Complaint has been superseded by the FAC, which does not contain

                                                    :

Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 11-CV-01743-SVW-FFM | Date | July 12, 2011 |
|---|---|---|---|
| Title | David L. Retz v. One West Bank, F.S.B. | | |

JS6

Additionally, once Plaintiff was informed that foreclosure proceedings had begun, it is undisputed that Plaintiff did not attempt to remit payments due. Plaintiff unreasonably continued to rely on Defendants' promise despite clear evidence that Defendants intended to foreclose.[6] Cf. Sutherland v. Barclays American/Mortgage Corp., 53 Cal. App. 4th 299, 310-13 (1997) (holding plaintiff reasonably relied to her detriment on mortgage company's promise that foreclosure would be postponed while she paid for home repairs due to earthquake and that even though plaintiff received notice of default, plaintiff attempted to resume payments but payments were rejected by mortgage company).

Defendants' Motion to Dismiss Plaintiff's First Cause of Action is GRANTED WITHOUT PREJUDICE.

**B.      Breach of Procedures in Deed of Trust**

Plaintiff contends that under Paragraph 24 of the Deed of Trust, the authority to substitute a trustee conducting a foreclosure sale is limited to the lender. Here, the trustee was not substituted by the lender. However, Defendants argue that state law governs the non-judicial sale of Plaintiff's property and Paragraph 24 of the Deed of Trust does not preempt state law, even though state law conflicts with Fannie Mae's policy. Plaintiff does not dispute that Defendants complied with state law, but argues that Paragraph 24 of the Deed of Trust preempts state law.[7]

---

the November 8, 2010 letter as an exhibit. However, "[t]he amendment of a pleading does not make it any the less an admission of the party." Andrews v. Metro North Commuter R.R. Co., 882 F.2d 705, 707 (2nd Cir. 1989); United States v. McKeon, 738 F.2d 26, 31 (2d Cir.1984) ("A party cannot advance . . . one version of the facts in [his] pleadings, conclude that [his] interests would be better served by a different version, and amend [his] pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories."); Unicom Systems, Inc. v. Electronic Data Systems, Corp., 2005 WL 5801534, at *11 (C.D. Cal. 2005) (considering exhibit attached with original complaint but not with amended complaint as evidence in the record on summary judgment).

[6] At the Hearing, Plaintiff's counsel represented there may be additional facts that could speak to the issue of the reasonableness of Plaintiff's reliance. However, the FAC does not identify these theories. Out of an abundance of caution, the Court finds dismissal of the FAC without prejudice is appropriate.

[7] There are three instances where preemption is generally warranted: (1) when a federal statute expressly commands it; (2) when there is a direct conflict between federal and state law; or (3) when a federal statute completely occupies a field leaving no room for state regulation. Orr v. Ameriquest Mortg. Co. (In re Hollis), 2009 Bankr. LEXIS 3020, at *26-27 (Sept. 17, 2009 Bankr. S.D.N.J. 2009). As clarified by the Supreme Court, on a general level, federal law is not to be found to preempt state law unless it is the "clear and manifest purpose of Congress." Wyeth v. Levine, 129 S.Ct. 1187, 1195 (2009).

:  _____

Initials of Preparer  _____

"California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1154 (2011).  In particular, §2934a(a)(1) states that a trustee under a trust deed may be substituted by a substitution executed by "all of the beneficiaries under the trust deed, or their successors in interest, and the substitution shall be effective notwithstanding any contrary provision in any trust deed executed on or after January 1, 1968."

Plaintiff contends that Paragraph 24 of the Deed of Trust is mandated by a federal agency, Fannie Mae, and therefore preempts §2934a(a)(1) because Paragraph 24 and § 2934a(a)(1) are conflicting.  Plaintiff cites no authority for the proposition that Fannie Mae is a federal agency, nor for the proposition that Paragraph 24 of the Deed of Trust conflicts with §2934a(a)(1).  To the contrary, though Fannie Mae enjoys special rights and privileges, it is a privately owned entity and not a federal agency.  See Rust v. Johnson, 597 F.2d 174, 177-78 (9th Cir. 1979).  Even if Paragraph 24 conflicts with §2934a(a)(1), a particular provision in a deed of trust adopted by Fannie Mae does not have the force of federal law, nor is it equivalent to a federal regulation.  As Plaintiff has failed to identify any federal law that could preempt §2934a(a)(1), Defendants' Motion to Dismiss Plaintiff's Second Cause of Action is GRANTED WITH PREJUDICE.

**IV.     Conclusion**

Defendants' Motion to Dismiss Plaintiff's First Cause of Action is GRANTED WITHOUT PREJUDICE and Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

:

Initials of Preparer